UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABU MAISA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-06338-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 53 |

　　　　Plaintiff Abu Maisa, Inc. brings this purported class action against Defendants Google, Inc. ("Google"), Intuit, Inc. ("Intuit"), Paypal, Inc. ("Paypal"), Square Inc. ("Square"), and Stripe, Inc. ("Stripe"), alleging that Defendants violate the California Unruh Civil Rights Act ("Unruh Act") by prohibiting certain types of businesses from using their services.  ECF No. 52.  Before the Court is Defendants' joint motion to dismiss Plaintiff's first amended complaint.  ECF No. 53.  The motion will be granted with prejudice.

**I.　　BACKGROUND**

　　**A.　　Factual Background**

　　　　Defendants each enable individuals and businesses "to accept electronic payments without themselves directly opening up a merchant account with any Visa or MasterCard member bank . . . ."  ECF No. 52 ¶ 10 (First Amended Complaint ("FAC")).  Plaintiff Abu Maisa, Inc., is a convenience store that sells, in part, cigarettes, drug paraphernalia such as bongs and hookahs, lottery tickets, and adult-oriented entertainment materials including but not limited to adult magazines displaying nude photographs.  Id. ¶ 16.

　　　　Plaintiff alleges that Defendants, whom Plaintiff collectively refers to as "Credit Card Companies," each maintain lists of "Prohibited Businesses" or "Bad Lists."  ECF No. 52 ¶¶ 11-16. "[D]ue to the fact that [Abu Maisa] falls within several categories of each Bad List," Abu Maisa

has "been deterred and continues to be deterred from attempting to become a customer of [Defendants']." Id. ¶ 18. While Abu Maisa has never attempted to become a customer of any of the Defendants, it "has visited the [Defendants'] websites on a daily basis on and after December 31, 2015." Id. ¶¶ 18, 34.

### B. Procedural History

On December 31, 2015, Abu Maisa filed this putative class action against Defendants, raising a single claim under California's Unruh Civil Rights Act. ECF No. 1. On September 20, 2016, Abu Maisa filed a First Amended Complaint, seeking to represent a class of "all Persons who have ever had their Accommodations terminated by Credit Card Companies based on such Persons' violation of Bad Lists or who have ever been deterred from attempting to become a customer of Credit Card Companies based on such Persons' unwillingness to violate Bad List (Class members)." ECF No. 52 ¶ 20. On October 14, 2016, Defendants filed a joint motion to dismiss the FAC, ECF No. 53, which motion the Court now considers.

## II. JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2). Minimal diversity exists here because Defendants, all Delaware corporations with their principle place of business in California, are citizens of Delaware and California for diversity purposes and at least one class member is alleged to be a citizen of a state other than Delaware and California. Id. ¶¶ 1-6, 22. Additionally, Abu Maisa alleges that "there are hundreds of thousands of Class members." Id. ¶ 25. Because the minimum statutory damage award under the Unruh Act is $4,000, Cal. Civ. Code § 52, Abu Maisa has pleaded that the amount in controversy exceeds $5,000,000, as required by 28 U.S.C. § 1332(d)(2). Id. ¶ 26.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984).  "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  "[F]ailure to allege statutory standing results in failure to state a claim on which relief can be granted . . . ."  Petzchke v. Century Aluminum Co., 729 F.3d 1104, 1109 (9th Cir. 2013).  Where amending the complaint would be "futile," the Court may dismiss the complaint with prejudice.  See Square, 2016 WL 4791748, at *4.

## IV.  DISCUSSION[1]

### A.  The Unruh Civil Rights Act

The Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal

---

[1] Both Plaintiff and Defendants have made a request for judicial notice of filings in the related case of White v. Square, Inc., No. 15-CV-04539-JST.  Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Defendants ask that the Court take judicial notice of its unpublished order denying the plaintiff's motion for reconsideration in White v. Square, Inc., No. 15-CV-04539-JST (ECF No. 58).  Plaintiff asks that the Court take judicial notice of several filings in the same case (ECF Nos. 54, 57, 58, 64).  "We may take judicial notice of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Accordingly, the Court grants Defendants' request for judicial notice as to Exhibit A, and Plaintiff's request for judicial notice as to Exhibits 1-4.

accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Section 51.5(a) of the Act further provides that "[n]o business establishment of any kind whatsoever shall discriminate against . . . or refuse to . . . contract with . . . any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 . . . because the person is perceived to have one or more of those characteristics." Section 52(a) provides that "[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." The California Supreme Court has stated: "That the [Unruh A]ct specifies particular kinds of discrimination—color, race, religion, ancestry, and national origin—serves as illustrative, rather than restrictive, indicia of the type of conduct condemned." In re Cox, 3 Cal. 3d 205, 212 (1970).

### B.   Defendants' Motion to Dismiss

While this is the first motion to dismiss in this case, Defendants correctly point out that the Court "recently dismissed with prejudice a nearly-identical case because the plaintiff failed to establish statutory standing." ECF No. 53 at 1; see White v. Square, Inc., No. 15-CV-04539-JST, 2016 WL 4791748, at *4 (N.D. Cal. Sept. 14, 2016).[2] Like the plaintiff in Square, Abu Maisa "never became a customer" of Defendants. ECF No. 52 ¶ 34. And as in Square, the Court relies on Surrey v. TrueBeginnings, LLC, 168 Cal. App. 4th 416–19 (2008), for the proposition that under California law, "a person must tender the purchase price for a business's services or products in order to have standing to sue it [under the Unruh Act] for alleged discriminatory practices relating thereto." Surrey, 168 Cal. App. 4th at 416. Because Abu Maisa does not allege that it attempted to subscribe to Defendants' services, but instead merely alleges that it "visited" Defendants' websites "on a daily basis on and after December 31, 2015, and has thereby . . . been

---

[2] Plaintiff's counsel in Square is also Plaintiff's counsel here.

1   deterred from attempting to become a customer," Abu Maisa does not have statutory standing to
2   sue Defendants under the Unruh Act. ECF No. 52 ¶¶ 18, 34.

3         Abu Maisa's Opposition makes two arguments, neither of which have merit. First, Abu
4   Maisa relies on Botosan v. Paul McNally Realty, 216 F.3d 827 (9th Cir. 2000), which, as the
5   Court noted in Square, has "been explicitly rejected by the California Court of Appeal in Reycraft
6   v. Lee, 177 Cal. App. 4th 1211, 1227 (2009) ("We also reject plaintiff's reliance on the Ninth
7   Circuit's decision in Botosan."). Square, 2016 WL 4791748, at *4. Abu Maisa argues that
8   accepting the California courts' rejection of Botosan is "ignoring vertical *stare decisis*." ECF No.
9   54 at 2. Not so. "[W]hen (1) a federal court is required to apply state law, and (2) there is no
10  relevant precedent from the state's highest court, but (3) there *is* relevant precedent from the
11  state's intermediate appellate court, the federal court must follow the state intermediate appellate
12  court decision unless the federal court finds convincing evidence that the state's supreme court
13  likely would not follow it." Toomer v. United States, 615 F.3d 1233, 1237 n.1 (9th Cir. 2010)
14  (quoting Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 995 (9th Cir. 2007)). Abu Maisa does
15  not cite any California authority for the proposition that the California Supreme Court would
16  endorse its reading of Botosan.

17        Second, Abu Maisa argues that it has been presented with a "Catch-22" because
18  Defendants are "request[ing]" that Abu Maisa "lie to sign up with them or otherwise lose all rights
19  to sue them under Unruh Law." ECF No. 54 at 1. Abu Maisa's argument that the tender
20  requirement "require[s] lies" is a mischaracterization of the facts. As Defendants point out, Abu
21  Maisa is "free not to" sign up for Defendants' services, but no one has threatened it with any harm,
22  such as a promissory fraud action against it, if it does. ECF No. 58 at 4-5.

23        Moreover, Abu Maisa's argument does not change the fact that it has not met the tender
24  requirement. The cases Abu Maisa cites are unpersuasive. The Court analyzed both Scaduto v.
25  Esmailzadeh, No. 07-cv-4069, 2007 WL 8435679 (C.D. Cal. Aug. 9, 2007), and Angelucci v.
26  Century Supper Club, 41 Cal. 4th 160 (2007), in its motion to dismiss in Square, concluding under
27  identical circumstances that neither case supported the plaintiff's position or eliminated the
28  requirement that plaintiff meet the tender requirement. Square, 2016 WL 4791748, at *5, *7 n.2.

While Abu Maisa argues in conclusory fashion that the Unruh Law must be liberally construed, none of the cases cited to that effect eliminate the tender requirement. ECF No. 54 at 1-2. The citation Abu Maisa provides in its notice of new authority, ECF No. 59, Osborne v. Yasmeh, 1 Cal. App. 5th 1118 (2016), also fails to support its position. That case held that "tender of payment of a discriminatory fee is not required to establish standing under the Unruh Act *where a disabled individual has personally experienced discriminatory treatment* at a business establishment." 1 Cal. App. 5th at 1135 (emphasis added). Because Abu Maisa is not "a disabled individual [who] has personally experienced discriminatory treatment," tender is still required. See id.; see also id. at 1133 ("agree[ing]" with the reasoning in Surrey v. TrueBeginnings, 168 Cal. App. 4th 414 (2008) that "a plaintiff who only learns about the defendant's allegedly discriminatory conduct, but has not personally experienced it, cannot establish standing").

Ultimately, the Court finds that California case law requires the Court to grant Defendants' motion to dismiss the FAC because Abu Maisa has not sufficiently pleaded statutory standing under the Unruh Act. Angelucci, 41 Cal. 4th at 170; Surrey, 168 Cal. App. 4th at 416-19.

## CONCLUSION

Defendants' motion to dismiss the FAC is granted. Because the Court has addressed multiple complaints containing the same deficiency and none have remedied the respective plaintiff's lack of statutory standing, the Court concludes that amendment would be futile. Accordingly, the Court dismisses the FAC with prejudice.

The Case Management Conference currently scheduled for December 14, 2016 is vacated.

IT IS SO ORDERED.

Dated: December 8, 2016

_____
JON S. TIGAR
United States District Judge